IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PERSONAL KEEPSAKES, INC. | ) | |
| d/b/a POETRYGIFTS.COM, | ) | JURY DEMANDED |
| an Illinois corporation, | ) | |
| Plaintiff, | ) | NO. |
| -vs- | ) | |
| | ) | |
| FRANS CANDLES, LLC, | ) | DIST. JUDGE: |
| a Delaware limited liability company; | ) | |
| and, DOE I through DOE V, | ) | |
| | ) | MAG. JUDGE: |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, PERSONAL KEEPSAKES, INC., d/b/a POETRYGIFTS.COM, by its attorney,

MARK H. BARINHOLTZ, P.C., complains against the Defendant(s), and each of them jointly

and severally, and alleges:

### Jurisdiction & Venue

1.      This Court has jurisdiction over this case under 28 U.S.C. § 1338 and § 1367.

Venue is properly laid in this District under 28 U.S.C. § 1391(b) and (c), and § 1400(a).

### Parties

2.      Plaintiff, PERSONAL KEEPSAKES, INC. ("PKI"), is an Illinois corporation,

engaged in the business of designing, producing and distributing for sale via the Internet, framed

and unframed gift items personalized with verses for particular occasions, names and/or dates.

Plaintiff has done business under the Internet URL and domain name identity *poetrygifts.com*

since approximately January 2000. Plaintiff's business is located in this District.

3.      Defendant, FRANS CANDLES, LLC ("FRANS") is, upon information and belief,

a Delaware limited liability company, engaged in the business of designing, producing and

distributing for sale via the Internet, candle-related embossed gift items personalized with verses

for particular occasions, names and/or dates. FRANS has, for some unknown period of time,

done business under the Internet URL and domain name identity *www.franscandles.com*

nationwide and within this District; and therefore, FRANS may be found here.

4.      Upon information and belief, one or more entities or individuals, transacting

business, located in or which may be found in this District, and herein named as Defendant(s) DOE I through DOE V, are participating or have participated in, financially benefitted from and/or aided and abetted the infringing acts and violative conduct at issue here, or are otherwise contributorily or vicariously liable as hereinafter alleged.

## Background

5.    At or about January 2000, and at various times thereafter, PKI obtained exclusive rights through Patricia Veit, an owner of PKI, to use various literary works created by Veit in relation to the sale of gift items through its then primary website *poetrygift.com*. ("the Works")

6.    Seven (7) of the Works at issue in this action are set forth as part of group Exhibit "A" attached hereto. (the "Infringed Works")

7.    Prior to filing the instant suit, PKI discovered that FRANS and Doe Defendant(s) collectively had caused or contributed to cause, the Infringed Works to be copied and disseminated by various means, including but not limited to, (i) by reproducing and copying the Infringed Works onto products competitive with PKI's products and items, (ii) by displaying reproductions of the Infringed Works for purposes of advertising sales of the products on Defendant(s)' website(s), including but not limited to *www.franscandles.com*, and (iii) by disseminating such reproductions of the Infringed Works worldwide via the Internet through postings on at least one of Defendant(s) company-related websites; and all in an effort to maximize sales of the infringing and unlawful items, and other products over the Internet and otherwise ("Infringing Uses"), but all without any permission or authorization from PKI.

8.    That the aforesaid infringements, and acts and omissions in furtherance thereof, constituted conduct expressly and intentionally aimed and targeted against the state of Illinois by the Defendants, and each of them, acting individually and/or in concert with one another, and with the specific knowledge, reasonable grounds to know or willfully blinding themselves to the fact that PKI is an Illinois firm, and FRANS and Doe Defendants were thereby responsible for, or for contributing to, such infringing activities in Illinois.

9.      Copies of several of the Works, namely "To My Parents On My Wedding Day," and "To Our Flower Girl," as they appear on Plaintiff's website, are attached hereto as group Exhibit "B". The Infringed Works, as they are unlawfully posted and advertised online on FRANS's website *www.franscandles.com*, are attached hereto as a group Exhibit "C". A copy of an example of how FRANS markets its candle-related products, bearing one of the Infringed Work(s) of PKI, as they are advertised on the Internet at the time of the filing of the instant suit, is attached hereto as Exhibit "D".

10.      At all times relevant, on each and every page of the PKI website(s), PKI posted a visible copyright notice.

11.      The Infringed Works contain substantial material wholly original with their creative author, Patricia Veit, an owner of PKI, and constitute copyrightable subject matter under the copyright laws of the United States of America. All verses appearing on PKI's website(s), unless specifically excluded by reference to a particular author and/or as a work in the public domain, are original to Patricia Veit as their creative author and/or to PKI as commissioning author.

12.      PKI d/b/a *poetrygifts.com* and/or *poetrygift.com*, in coordination with Veit, has complied with all requirements of the U.S. Copyright Act, and obtained copyright registration for the Works, including the Infringed Works, from the Register of Copyrights, under various Certificates of Registration: No. TXu 537-182 eff. date 9/09/92; No. TXu-586-707 eff. date 8/06/93; No. TXu-651-289 eff. date 9/19/94; No. TXu-914-179 eff. date 11/05/99; and, No. TXu 1-002-142 eff. date 11/08/00;. (Copies of those Certificates are attached hereto as Exhibits "E", "F", "G", "H" and "I" respectively.)

## COUNT I
### (Copyright Infringement)

13.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 12 hereof, and for this Count I alleges against the Defendant(s), and each of them jointly and severally, as follows.

14.      No license was granted to, or obtained by FRANS or other Doe Defendant(s), or

3

any of them, for the reproduction and/or use of the Works for any purpose.

15.     From at least July 2014 and, upon information and belief, at various times prior thereto, FRANS and Doe Defendant(s) infringed the copyrights in the Works, and PKI's exclusive rights therein, by various means, including but not limited to, (i) downloading or otherwise making unauthorized digital copies of the Works, (ii) incorporating the Infringed Works into, and otherwise reproducing them on the unlawful product items, and selling such items bearing copies of the Infringed Works, (iii) incorporating and uploading the unauthorized copies of the Infringed Works onto *www.franscandles.com* and/or Doe Defendant(s) website(s) in order to advertise and promote the sales of the unlawful product items bearing reproductions of the Infringed Works, (iv) displaying the unauthorized copies of the Infringed Works on the accused website(s) via the Internet, and (v) disseminating the unauthorized displays and reproductions of the Infringed Works worldwide through the accused website(s) via the Internet.

16.     That such acts aforesaid by Franscandles and Doe Defendant(s) were and are for its/their own pecuniary use and benefit, and infringe upon PKI's exclusive copyright rights in the Infringed Works.

17.     That unless the Court intervenes to compel the cessation of such acts, PKI is informed and believes that the unlawful infringements are threatened and/or are likely to continue.

18.     That by virtue of the acts hereinabove alleged, FRANS and Doe Defendant(s) have infringed PKI's copyright rights, and Plaintiff has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.

## COUNT II
### (Infringement Liability vs. Doe I through Doe V)

19.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 18 hereof, and for this Count II alleges against Defendant(s) Doe I through Doe V, and each of them jointly and severally, together with FRANS and/or other Doe Defendant(s), as follows.

20.     On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s), acting in concert with FRANS, was a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful infringements herein alleged.

21.     That alternatively, or in addition to other infringers above alleged, on information and belief there are various persons and firms who financially benefitted from and/or retained rights to exercise control over such unlawful activities as are alleged above, and are therefore vicariously liable for such infringements.

22.     On information and belief, those individuals, firms, affiliates and/or contractors above referenced who personally or directly contributed to, authorized and/or participated in infringing PKI's Work(s), and its exclusive rights therein, otherwise violated its rights by the various means aforesaid, *inter alia*.

23.     That such tortious acts hereinabove alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and infringe upon PKI's exclusive copyrights in the Work(s).

24.     That by virtue of the acts hereinabove alleged, Defendants Doe I through Doe V infringed PKI's copyrights, and it has been caused to and has thereby suffered and sustained irreparable harm and economic injury.

## COUNT III
### (DMCA Violation Liability vs. Doe I through Doe V)

25.     Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraph 1 through 24  hereof, and for this Count III alleges against One or More of the Doe Defendant(s), and each of them jointly and severally, together with other Doe Defendant(s), as follows.

26.     On information and belief, one or more individual(s), firm(s), affiliate(s) or contractor(s), was a conscious, active and dominant force causing or contributing to cause, and which resulted in, the unlawful Digital Millennium Copyright Act ("DMCA") violations herein

5

alleged.

27.     That alternatively, or in addition to other infringers above alleged, on information and belief there are various persons and firms who financially benefitted from and/or retained rights to exercise control over such unlawful activities as are alleged herein in relation to violations of the DMCA, and are therefore vicariously liable for such violations.

28.     On information and belief, those individuals, firms, affiliates and/or contractors above referenced who personally or directly contributed to, authorized and/or participated in violating the integrity of PKI's copyright management information ("CMI") conveyed in connection with PKI's Work(s), and its exclusive rights therein, otherwise violated its rights by the various means hereinafter set forth, *inter alia.*

29.     That such tortious acts herein alleged against such Doe Defendant(s) were and are for their own individual gain and benefit, as well as the gain and benefit of their firms, affiliates or contractors, and violate PKI's exclusive copyright rights in the Work(s) and the integrity of its CMI.

30.     Without license, permission or authorization, one or more Doe Defendants removed and/or altered CMI from Plaintiff's Work(s), as set forth above.

31.     When Plaintiff posted and displayed copies of the Work(s) on the Internet, such reproductions and postings contained CMI, not only in the form of the aforementioned copyright notices, but also other information, including but not limited to identifying numbers or symbols referring to such information or links to such information, as described in 17 U.S.C. § 1202(c), Sub-sections 1-3, *inter alia.*

32.      In removing and/or altering such CMI, one or more Doe(s) knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal copyright infringements in PKI's Work(s), with respect to past, ongoing and likely future infringements in PKI's Work(s) under Title 17 of the United States Code.

33.     That the aforesaid acts and omissions of one or more Doe Defendant(s), including

their unauthorized, intentional, reckless and/or wilfully blind removal of copyright management information from the Plaintiff's Work(s) and website, constitute one or more violations of the DMCA, at least § 1202(b), Sub-parts (2) and (3) thereof, *inter alia*.

34.    That by virtue of the acts hereinabove alleged, one or more Doe Defendant(s) have violated PKI's copyright rights under the DMCA, and Plaintiff has been caused to and has thereby, suffered and sustained irreparable harm and economic injury.


WHEREFORE, Plaintiff, PERSONAL KEEPSAKES, INC., prays for findings and judgment in its favor and against Franscandles and the Doe Defendant(s), and each of them jointly and severally, as follows:

A.    That Defendant(s) have infringed Plaintiff's copyright rights in the Works in violation of 17 U.S.C. § 501.

B.    That Doe Defendant(s) have violated Plaintiff's rights under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

C.    That Defendant(s) be required to pay to Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendant(s)' infringements and other violations, and to account for all gains, profits and advantages derived by Defendant(s) therefrom, or such statutory damages for all infringements and violations as shall appear proper within the provisions of Chapter 5 and Chapter 12 of the copyright laws.

D.    That Defendant Franscandles, and various of the Doe Defendant(s), are liable to Plaintiff for such reasonable attorney fees, and exemplary damages, incurred in this action as may be allocated to infringements and violations, as follows:

i.    That the Copyright Act, § 504(c)(2) thereof, provides, *inter alia*, that willful infringement of copyright is punishable by an award of statutory damages, if applicable, in amounts up to and including $150,000.00 for each work infringed;

ii.    That the Digital Millennium Copyright Act ("DMCA"), §§ 1203(c)(3)(B)

7

*inter alia*, provides that each act in violation of Plaintiff's rights in the integrity of its CMI, *e.g.*, a posting on the Internet, shall be punishable by a separate award of damages of up to and including $25,000 for each violation;

        iii.     That Plaintiff is entitled to the recovery of costs of enforcement, including attorney fees for the infringement of copyright in the Works as allowed pursuant to 17 U.S.C. § 412(2), *e.g.*, infringements which commenced after the effective date of applicable copyright registration;

        iv.     That Plaintiff is entitled to the recovery of its costs of enforcement, including attorney fees for violations of the DMCA pertaining to each of the Works as allowed pursuant to 17 U.S.C. § 1203(b)(4) and (5), irrespective of the effective date of applicable copyright registration.

    E.     That the Court grant such other and further relief as is reasonable to remedy infringements and violations in any manner, either at law or in equity, including injunction, impounding and reasonable disposition of all infringing articles, as follows:

        i.     That Defendant(s) along with any agents and servants, and all those persons in active concert or participation with each or any of them be permanently restrained and enjoined from directly or indirectly infringing Plaintiff's copyright rights in any manner, and from exhibiting, causing, contributing to, or participating in, the unauthorized exhibition or distribution in any manner of the Work(s) or any component part thereof, or any goods relating thereto.

        ii.     That Defendant(s), their officers, directors, principals, agents, servants, employees, successors and assigns and all those in active concert or participation with each or any of them be permanently enjoined and restrained from manufacturing, producing, distributing, circulating, selling, advertising, promoting or displaying anything bearing any simulation, reproduction, derivative adaptation, counterfeit, copy or colorable imitation of any works created or licensed by PKI including but not limited to the Work(s), or any goods relating thereto.

        iii.     That Defendant(s) be required to deliver up for destruction all forms and

copies of the Infringing Uses and all promotional and advertising material and other unauthorized

matter which picture, reproduce or utilize any infringing part of the Works, or any goods relating

thereto.

      F.      Together with pre-judgment interest, Plaintiff's costs and reasonable attorney fees..

PLAINTIFF DEMANDS TRIAL BY JURY

                PERSONAL KEEPSAKES, INC.
                d/b/a POETRYGIFTS.COM, Plaintiff.

    By: _____ */s/ Mark Barinholtz* _____
                Attorney

Mark Barinholtz, Esq.
MARK H. BARINHOLTZ, P.C.
Attorney for Plaintiff
55 West Monroe Street
Suite 3600
Chicago, IL 60603
(312) 977-0121